**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

STEVE MORENO,

            Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT; *et.al.*,

            Defendants.

Case No. 2:16–cv–766–RFB–VCF

**ORDER AND REPORT & RECOMMENDATION**

      Before the court are Moreno's motion to withdraw (ECF No. 19). For the reasons stated below, the motion to withdraw (ECF No. 19) is granted and the court recommends that this action be dismissed.

**I. Discussion**

      "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

      When deciding whether to dismiss an action for lack of prosecution, courts consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

      The first *Eisen* factor favors dismissal. This action was filed in April 2016. (ECF No. 1) Since that time, the Defendants moved to dismiss, filed an answer, exchanged initial disclosures with Moreno. (ECF No. 21) The Defendant served a number of discovery requests on Moreno, but thus far only

received responses to their requests for admission.  (*Id.*) Moreno also failed to attend his own deposition.  (*Id.*)  Moreno's absence has placed these proceedings in limbo.  Without his client, Plaintiff's counsel is unable to respond to discovery requests.  The court will not extend discovery deadlines indefinitely in the hope that Moreno will reappear in this action.

The second *Eisen* factor favors dismissal.  The court has hundreds of active cases on its docket.  It would be unfair to the parties in these cases for the court to continue to devote resources to monitoring an action, in which the plaintiff appears to have lost interest.

The third *Eisen* factor also favors dismissal.  If this action is allowed to remain on the court's docket in its current state, there will be substantial prejudice to the Defendants.  The Defendants are awaiting a number of discovery responses as well an opportunity to depose Moreno.  (*Id.*)  If the Defendants were forced to wait for Moreno to reappear in this action, memories will fade, evidence could be lost, and substantial time and resources would be devoted to an action that is not moving forward.

The fourth *Eisen* factor weighs against dismissal.  Dismissal based on Moreno's failure to provide discovery responses and failure to prosecute this action would preclude a decision on the merits.

The fifth *Eisen* factor weighs in favor of dismissal.  The court has already ordered Moreno to appear in person at the hearing on the motion to withdraw. (ECF No. 22)  Moreno was not present.  At the hearing, his attorney represented to the court that he had tried contacting Moreno via phone calls, text messages, and emails.  Plaintiff's counsel sent letters to Moreno's last known address and attempted to locate Moreno's whereabouts on social media.  He used the services of an investigatory company to try and locate Moreno.  Despite all of these efforts, Plaintiff's counsel was unable to contact Moreno and inform him that his attendance was required.  Less drastic sanctions, such as money sanctions, would be

ineffective. A plaintiff who is not in contact with his own attorney would probably not even be aware of any lesser sanctions the court would impose.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the motion to withdraw (ECF No. 19) is GRANTED.

IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice.

IT IS SO ORDERED and RECOMMENDED.

DATED this 23rd day of January, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE